UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

       v.

Rochelle Freeman,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-153(5) ADM/DTS

Rochelle Freeman, pro se.

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Rochelle Freeman's ("Freeman") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742(e) [Docket No. 557]. For the reasons set forth below, the Motion is denied.

## II.  DISCUSSION

On November 30, 2017, Freeman entered a plea of guilty to conspiracy to distribute 280 grams or more of cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Min. Entry [Docket No. 156]; Plea Agreement [Docket No. 157]. In the Plea Agreement, Freeman agreed to "waive[] all rights conferred by 18 U.S.C. § 3742 to appeal [her] sentence, if the Court imposed[d] a sentence at or below 120 months imprisonment." Plea Agreement ¶ 9.

Freeman was sentenced in September 2018 to a mandatory minimum term of 120 months. Min. Entry [Docket No. 321]; Sentencing J. [Docket No. 323] at 2. The sentence reflected a downward variance of over five years from the applicable sentencing guideline range of 188 to 235 months. Statement Reasons [Docket No. 324] at 1, 4. Consistent with the Plea Agreement, Freeman did not appeal her sentence.

1

In November 2020, Freeman filed a pro se motion for compassionate release [Docket No. 481] based on her health amid the COVID-19 pandemic, her family circumstances as the only parent of three young children, and her efforts toward rehabilitation. Counsel was appointed for Freeman, and the compassionate release motion was fully briefed. The Court denied Freeman's compassionate release motion after concluding that Freeman had not shown an extraordinary and compelling reason to reduce her sentence, and because the sentencing factors weighed against a sentence reduction. See Mem. Op. Order [Docket No. 504]. Freeman appealed, and the Eighth Circuit Court of Appeals summarily affirmed this Court's ruling.

Freeman now moves for a sentence reduction pursuant to 18 U.S.C. § 3742(e). She asks the Court to reduce her sentence based on the extensive efforts she has made toward post-conviction rehabilitation.[1] Freeman has submitted several letters from friends, family, and colleagues in support of the motion. See Letters [Docket No. 559].

The Court lacks authority to grant Freeman's motion. The resentencing provisions in § 3742 pertain to situations where a final sentence has been appealed and the court of appeals has remanded the case for resentencing. See, e.g., 18 U.S.C. § 3742 (titled "Review of a sentence"); 18 U.S.C. § 3742(a) (titled "Appeal by a defendant"); 18 U.S.C. § 3742(g) (titled "Sentencing upon remand"). Freeman did not appeal her below-guidelines sentence. Indeed, she waived her right to do so in the Plea Agreement because the sentence was at or below 120 months. Plea Agreement ¶ 9. As such, the resentencing provisions of § 3742 do not apply.

---

[1] Freeman's rehabilitative efforts include the completion of numerous educational and vocational courses offered by the Bureau of Prisons. See Mot. Ex. [Docket No. 558]. In addition, Freeman was one of twelve women accepted into the Yale Prison Education Initiative, which allows enrollees to pursue credited courses through Yale and the University of New Haven, and to earn an Associate's Degree in General Studies from the University of New Haven. See id. at 38 (page citation is to the CM/ECF page number).

Although Freeman is not entitled to resentencing, her substantial efforts towards rehabilitation are to be commended. Her many achievements have been a positive and inspiring example for her children and others, and will provide a strong foundation for leading a law-abiding and productive life with her family upon release.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Rochelle Freeman's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742(e) [Docket No. 557] is **DENIED**.

BY THE COURT:

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  July 19, 2023